B. CONSTANTINO AND SONS CO., Plaintiff-Appellee,

v.

NEW AMSTERDAM CASUALTY COMPANY, Defendant-Appellant.

No. 11592.

United States Court of Appeals Seventh Circuit.

July 3, 1956.

4. Cf. Offutt Housing Co. v. County of Sarpy, 76 S.Ct. 814.

George B. Gillespie, Louis F. Gillespie and Frederick H. Stone, Springfield, Ill., Gillespie, Burke & Gillespie, Springfield, Ill., of counsel, for appellant.

A. M. Fitzgerald and Walter T. Day, Springfield, Ill., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

In its "Blanket Position Bond," dated January 6, 1949, issued by New Amsterdam Casualty Company to its assured plaintiff, there is this critical language:

"Section 14. At the earliest practical moment, and at all events not later than fifteen days *after discovery of any fraudulent or dishonest act on the part of any Employee* by the Insured, or by any partner or officer thereof not in collusion with such Employee, the Insured shall give the Underwriter written notice thereof and within four months after such discovery shall file with the Underwriter affirmative proof of loss, itemized and duly sworn to, and shall upon request of the Underwriter render every assistance, not pecuniary, to facilitate the investigation and adjustment of any loss * * * *" (Italics added.)

Plaintiff, who employed between thirty and forty people, is a meat packing company engaged in buying, butchering, processing and selling meat and allied merchandise, suing to recover under the fidelity bond. By its multiple count complaint plaintiff alleged that during the months of April through September, 1952, losses were sustained through the fraudulent acts of Wallace Hess, William Clarence Haught, and Robert Chandler, its employees. Defendant offered no evidence below and does not deny it was notified by plaintiff on September 18, 1952, of certain discoveries made September 17, 1952. The requisite proof of loss, showing an inventory shortage of $9,604.57, was filed within the period set by the bond.

Asserting its affirmative defense that plaintiff breached bond section 14, defendant moved for a directed verdict and its motion was denied, as was its original and amended motion for judgment notwithstanding the verdict and, in the alternative for a new trial. From those adverse orders and the judgment entered on the jury's verdict awarding damages to plaintiff on counts I, II and IV, defendant appeals.

■ Whether plaintiff complied with section 14 of the bond is the nub of this matter. Simply stated, defendant insists plaintiff, for some time prior to giving its notice, knew that an employee, Clarence Haught, had been misappropriating and taking meats, consequently urging the September notification was not given at the earliest practical moment. From the evidence heard by the jury, and counsel's briefs, it is quite clear that plaintiff maintains it was engaged in determining if its inventory losses resulted from costing and accounting errors and difficulties, or from theft. Once Haught was caught asporting plaintiff's meats on September 17, 1952, notice to defendant followed the next day. But defendant presses upon us the theory that without a conflict in evidence, the district judge should have directed a verdict adverse to plaintiff, because it had knowledge of dishonest acts of employees as early as July 1, 1952, and of Haught's specific dishonest acts "at least" by August 1, 1952.

Plaintiff's suspicions were merely gestating during the period when it was investigating shrinking gross or net profits as an inventory check. American Surety Co. v. Pauly, 1898, 170 U.S. 133, 18 S.Ct. 552, 42 L.Ed. 977. Prompt notice followed plaintiff's viable knowledge of the specific culprits and after their discovery.

■ We think the district court correctly received plaintiff's exhibit 2 in evidence. When objecting to the admission of this exhibit, defense counsel stated it "was prepared from records and summaries we haven't had an opportuni-

ty to examine." (T.R. 65.) But from the record it is clear that defendant had the challenged auditor's summary sometime before trial. We are satisfied this facet of defendant's appeal is much too tenuous to deserve our elaborate rejection, especially since it attacked neither the accuracy nor underlying audit procedures.

With a record, clear, as this one, of reversible errors, we can only affirm the judgment and orders appealed.

Judgment affirmed.